UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

# ORDER REGULATING PRACTICE

*for civil cases assigned to*

## THE HONORABLE J. CAMPBELL BARKER

Pursuant to Federal Rule of Civil Procedure 83(b) and Local Rule CV-83(c), this order regulating practice applies while this case is assigned to the undersigned judge. Pro se litigants are exempt from this order. This order is not effective until signed and entered on the docket of a given case. *See* Fed. R. Civ. P. 79(a).

## TABLE OF CONTENTS

JCB-CV-5.1. Filing documents under seal .......... 2
JCB-CV-5.2. Courtesy copies .......... 3
JCB-CV-7.1. Proposed orders .......... 4
JCB-CV-7.2. Motion bundling .......... 5
JCB-CV-10. Format and length of filings .......... 8
JCB-CV-16.1. Notice of readiness .......... 9
JCB-CV-23. Class actions .......... 10
JCB-CV-37. Discovery motions .......... 11
JCB-CV-41. Settlement and dismissals .......... 12

## REGULATIONS

### JCB-CV-5.1. FILING DOCUMENTS UNDER SEAL

(a) A motion to seal a document must:

(1) Cite authority on sealing documents in the judicial record, not just Local Rule CV-5(a)(7)'s broader definition of "confidential information" or a protective order governing discovery. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*.").

(2) If an entire document is sought to be sealed, specify why partial redactions are insufficient.

(3) If a document is sought to be sealed only to the extent of proposed redactions:

i. Explain why each redaction is justified.

ii. By the deadline for publicly filing the proposed redacted version, *see* Local Rule CV-5(a)(7)(E), email Chambers_of_Judge_Barker@txed.uscourts.gov a version of the document with all redacted material revealed and highlighted. The court may return, by reply email, annotations that mark redactions to be removed as a condition of sealing.

(b) Violation of this regulation will result in denying a motion to seal, causing the sealed document to be struck by operation of Local Rule CV-5(a)(7)(C). Any refiled document will not, as matter of course, relate back to a stricken document whose filing under seal was denied.

(c) A proposed order is not required for a motion to seal. A standard form for ruling on motions to seal—which attorneys can use as a checklist—may be referenced on the undersigned's court webpage in the Forms tab.

### JCB-CV-5.2. COURTESY COPIES

Judge Barker has not opted out of Local Rule CV-5(a)(9). For courtesy copies, parties are encouraged to use double-sided printing and to spiral-bind larger documents.

### JCB-CV-7.1. PROPOSED ORDERS

Every proposed order required by Local Rule CV-7(a) must contain the specific relief that the party wants the court to award, not simply "motion granted." The proposed order shall bear the style and number of the case and be titled "[Proposed] Order." Motions lacking sufficient proposed orders will be terminated without prejudice to refiling.

*Explanatory note:*

A proposed order should state the relief requested with enough detail that entering it as an order of the court will not lead to a later request for clarification of its scope.

For example, a proposed order compelling discovery should specify the precise discovery and compliance timeline. A proposed injunctive order of any form should state in reasonable detail the act(s) restrained or required, the specific terms of the injunctive command, and the specific person(s) bound by the injunctive order. *See* Fed. R. Civ. P. 65(d).

### JCB-CV-7.2. MOTION BUNDLING

(a) Any motion paper (i.e., a motion, response, or reply and any attachment thereto) shall not be filed with the court until the motion is fully briefed or the deadline for full briefing has passed. In lieu of such filing,

(1) each motion paper shall be served on the parties as required, *see* Fed. R. Civ. P. 5, and

(2) the serving party shall file a dated certificate of service using ECF event code *Certificate of Service*.

The filing of the certificate of service is hereby deemed, to the full extent allowed by court order and with the exceptions below, as the filing of the motion paper on that date and as required by Federal Rule of Civil Procedure 5(d)(1).

(b) A motion is "fully briefed" when either (1) the motion, any response, and any reply are served on every party or (2) a motion is unopposed or joined in by every party.

(c) Within one business day after a motion is fully briefed or the deadline for full briefing has passed: (1) the parties shall file their motion papers in the normal order (motion, response, reply); and (2) the movant shall file, using ECF event code *Notice*, a notice of compliance with this order stating that the motion is fully briefed or that the deadline for full briefing has passed.

(d) *Exceptions.* The filing regulation above does not apply to:

(1) Motions to remand to state court;

(2) Motions in cases with a litigant proceeding pro se;

(3) Motions for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2);

(4) Post-trial and post-judgment motions pursuant to Federal Rules of Civil Procedure 50(b), 52(b), 59, and 60;

(5) Motions that may be heard ex parte within the meaning of Federal Rule of Civil Procedure 5(a)(1)(D);

(6) Motions to seal under Local Rule CV-5(a)(7), which must be filed immediately before the document sought to be sealed;

(7) Motions for leave to file under Local Rule CV-7(k), which must be filed immediately before the document sought to be filed;

(8) Emergency motions under Local Rule CV-7(*l*); and

(9) Motions as to which a party concludes in good faith and states in its filing, with citation of this provision, that waiting for full briefing before filing could impair a substantive right (as when an immediate ruling is needed to preserve rights).

(e) Early filing of a motion in contravention of this regulation will result in termination of the motion without prejudice. If the certificate of service filed with a terminated motion is filed in compliance with this regulation within one business day of the termination, the certificate will relate back to the original filing date for purposes of subsection (a).

(f) If a certificate of service filed under subsection (a) is after an applicable deadline for a motion paper, a party may move to extend that deadline, to extend a corresponding deadline, or to strike the filed certificate of service as untimely.

(g) A motion paper may not be modified once served. But a movant may choose to withdraw a served motion by notice to the court, using ECF event code *Notice*.

(h) A party may not file a sur-reply without leave of court.

*Explanatory note:*

Modeled on the practice requirements of many Eastern District of New York district judges, this "bundling requirement" promotes judicial efficiency in two ways. It provides the parties a chance to review and confer about a complete set of motion papers before deciding if a motion is worth presenting to the court. And it ensures that all related documents—

motion, response, and reply—are docketed as a set of filings at one time, rather than as multiple submissions potentially months apart.

## JCB-CV-10. FORMAT AND LENGTH OF FILINGS

(a) Any document that is submitted for filing in the case—except for exhibits, attachments, and forms prepared independently of the case—must bear a page number on each page, starting with 1 on the first page (even if a cover page). Roman numerals are not allowed. The page number must be in the bottom margin of each page.

(b) Every page in a document counts toward any page limitation except for any page bearing only a case caption, table of contents, table of authorities, signature block, certificate of conference or compliance, or some combination of those items. Incorporating by reference a previously filed document requires counting its pages.

(c) Any table of contents in a document should be embedded in the filed PDF. Any document that would have tabs in hardcopy should also have bookmarks in the filed PDF.

(d) Citation of authority must comply with *The Bluebook: A Uniform System of Citation* (Colum. L. Rev. Ass'n et al. eds.) except that (1) italics should be used instead of underscoring or small caps, and (2) in citing an unreported case, any Westlaw database citation available should be provided in addition to a full docket number (not omitting any initial digit), a full date, and other required details.

(e) Violation of this regulation will result in striking a filing or terminating a motion without prejudice.

*Explanatory note:*

Subsection (a) ensures that the page numbering assigned by the court's Electronic Case Filing system matches the numbering assigned by a party. Subsection (a)'s exception applies to documents like preexisting exhibits and to forms like those created by the Administrative Office of the U.S. Courts.

## JCB-CV-16.1. NOTICE OF READINESS

A plaintiff must file a notice that the case is ready for a scheduling conference within five days after all defendants who are not subject to a stay have either answered or otherwise responded to the complaint. In cases with multiple plaintiffs, they may file a single, joint notice.

## JCB-CV-23. CLASS ACTIONS

Within 90 days after the filing of a case sought to be maintained as a class action, unless the court extends that period, the plaintiff(s) shall move under Federal Rule of Civil Procedure 23(c)(1) for certification of the case as a class action. In ruling upon the motion, the court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings. A defendant may move at any time to strike the class allegations or to dismiss the complaint.

*Explanatory note:*

Modeled on Local Civil Rule 23.1 of the District of the District of Columbia, this deadline furthers the federal rules' requirement that a court decide class certification at an early practicable time. Fed. R. Civ. P. 23(c)(1)(A); *see Perrow v. District of Columbia*, 435 F. Supp. 3d 9, 15–16 (D.D.C. 2020) (explaining that such a deadline promotes judicial efficiency and the fundamental fairness of ensuring that "defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages" (quoting *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411–12 (D.C. Cir. 1984) (cleaned up)).

## JCB-CV-37. DISCOVERY MOTIONS

The court will not hear discovery motions requesting emergency or expedited relief unless each movant has utilized the discovery hotline, as outlined in Local Rule CV-26(e), and, if dissatisfied, has sought relief promptly by motion addressing the magistrate judge's disposition of the matter.

### JCB-CV-41. SETTLEMENT AND DISMISSALS

(a) An attorney for each party must advise the party regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling the dispute. *See* The Supreme Court of Texas and the Court of Criminal Appeals, *The Texas Lawyer's Creed* II.11 (1989).

(b) Upon the settlement in principle of a case, the parties must promptly file a notice and joint motion entitled "Notice of settlement and joint motion to stay all deadlines." This filing must:

(1) Affirmatively state that all matters in controversy have settled in principle.

(2) Request a stay of unreached deadlines in the scheduling order—or a stay of the entry of a scheduling order—for a specifically stated period of time, showing good cause for any requested stay of more than 30 days.

Filings that do not comply with this order, including by failing to state that all matters in controversy have in fact settled, will not secure a stay of existing deadlines or support a later request to reset missed deadlines or amend the scheduling order.

(c) A plaintiff may dismiss all its claims against a given defendant or its entire lawsuit by filing a notice or joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1). *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc). That filing automatically dismisses the claims or case without further action by the court, so the parties need not file a motion to dismiss. *See In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015).

*So ordered by the court.*

J. CAMPBELL BARKER
United States District Judge